v. South MI Bancorp Incorporated James Rose appearing on behalf of the appellant plaintiff in this case, Quinn R. Hartman Revocable Living Trust. This is a case, your honors, about exactly how much information a corporation can conceal from its shareholders and still claim to be acting under color of law. More specifically, it's about whether Michigan statutory law and common law empowers a corporation to send out a proxy solicitation urging a no vote on a specific shareholder proposal, but deliberately omitting the material information that any shareholder would need in order to cast an informed vote on that proposal. The defendants and appellees in this case contend that Michigan law authorizes such an action, and we of course contend the opposite. The briefing in this case focuses on two main lines of argument. One is a statutory line of argument, which I think of as the bylaw arguments, and the other is a common law line of argument, which we both refer to as fiduciary duty of disclosure arguments. Because it's a purely legal question and the parties have briefed them both extensively, I don't plan to repeat arguments that were made in the briefs, but I would like to make one point as to each of those. On the bylaw issue, the statutory issue, of course the argument is that the defendants violated the statute because the statute required them to adhere to their bylaws, and their bylaws required them to publish and disseminate our shareholder proposal in advance of the annual meeting. The response to that has been the statute authorizes us to do that, and the bylaw language is inapplicable because it's just outdated. They've taken the position that at one time that bylaw language was something we followed, but we no longer do. Because they're no longer registered securities, right? That's what they say. I mean, yes, they are no longer a reporting company, but their position is they were a reporting company when that bylaw was enacted, and that is not true, Your Honor. The brief, the principal brief of Appalese acknowledges on page four that they stopped being a reporting company in 2005, but these bylaws were not enacted until 2007. So that argument doesn't hold water. Even if it were factually true, I still think it's an unavailing argument because the argument is not that the security must be registered. The argument is simply that the parties agree amongst themselves to utilize this procedure. And if we submit a shareholder proposal in advance, they will publish it. They will disseminate it to the rest of the shareholders in advance of the meeting. So that's the first point that I'd like to make on the bylaw issue. Of course, you could have solicited your own proxy, couldn't you? We could have, but that doesn't change the fact that they were required to disseminate it for us, both by the statute and by common law. Why didn't you? Because we believe they were required to. Well, lawyers are pretty familiar with belt and suspenders. I think it was just our position that it was their obligation to do that here. I mean, you know, the fact that we could have done any number of things. We could have picked up the phone, I suppose, and called every shareholder if we had a way of, theoretically, if we had a way of obtaining contact information for all of those people. But that doesn't answer the question of whether their failure to do it violated the law. And then there's a separate issue. Even if they weren't required to disseminate the proposal itself, even if they weren't required to publish its actual text, they certainly had a fiduciary duty to disclose the material information that a shareholder needs in order to cast an educated vote. This is the whole common law argument. Have you looked around the rest of the country? Because there's not a ton of Michigan law on this, right? Right. So there's this one old state supreme court case. There's another case. Is there – are the states of one? Is there anything on the restatement on this? Any norms that you think apply here and that would be useful to us to consult? I do think there is one Michigan case that addresses the issue, which is cited in our brief on page 30. It's the Krieger case. Yeah, I'm actually asking for non-Michigan authority. I mean, if you haven't had a chance, I mean – Only the ones cited in the brief here. Okay. So you don't know of any non-Michigan authority that kind of talks – works through what the norms are here as a matter of fiduciary duty. I mean, I think there's some intuition that supports your position on this, that you should do more than they did. But I'm just kind of curious what other states do. You know, Delaware, which obviously is a state that cares a lot about this. In Delaware, we discuss extensively in the briefs, and certainly Delaware imposes a fiduciary duty of disclosure. The Delaware cases, Stroud v. Grace, and the progeny that I discussed in our brief, state very clearly that you absolutely – if you send out a proxy solicitation, you must disclose all material facts that a voter would need in order to cast an informed vote. And, in fact, that was our argument to the district court, is that to the extent there isn't clear Michigan authority on this issue, that Delaware authority is controlling and should be utilized. Is there Michigan authority that says you follow Delaware? Because, I mean, not everyone agrees with Delaware. Yes, and that's cited in our brief. I point to the glancey case and one other case I've cited. I could get the exact case, if Your Honor would like. No, I've got it right here. You want this case to go back for trial. Is that to determine issues of fact pertaining to whether you're entitled to equitable relief? And that's in terms of sending out these proxies or whatever the specific thing is that you're seeking. You're not asking for any money damages, is that right? No, we are asking for money damages, too, Your Honor. We're asking for both declaratory relief that the proxy solicitations were invalid and actions taken at the meeting were invalid. But we're also asking for money damages in the amount that our shares were devalued. The value of the object of the litigation in this case is our interest in the corporate defendant, which was valued at $2.5 million at the time of the complaint. And so we're seeking not only declaratory relief but also money damages. And I guess I should say that's the reason why we think this court has jurisdiction and why the amount of controversy threshold has been met. I know the court asked for additional briefing on that issue. Are you also seeking a derivative claim on behalf of the corporation? We are, Your Honor. What's your basis for that? Because the individual shareholders' fiduciary breaches caused harm to the corporation at large. But you didn't even sue in the name of the corporation, did you? Well, we asserted the claim in count two, but you're correct. The complaint itself was just brought in our individual name. I think that's one of your weaker arguments here. That's why I didn't lead with it, Your Honor. Okay. Fair enough. Unless the court has additional questions for me, I'm comfortable resting on the briefs. All right. That's fine. Thank you, Your Honor. May it please the Court, Madeline Lane of Warner, Norcross, and Judd, on behalf of the defendant appellees, Southern Michigan Bank Corp., and John Castle. Your Honors, at its core, this case is about a dissatisfied shareholder who resorted to litigation in hopes of influencing a corporation and its board of directors. Shareholders have that right, don't they? Certainly, Your Honor. But unfortunately for the appellant, the trial court correctly concluded that she failed to state a claim upon which relief may be granted. I think two issues can be dealt with very quickly. The first is that the plaintiff appellant's appeal regarding the derivative claim is not outcome determinative. First of all, as Your Honor correctly stated, the plaintiff didn't even sue in the name of the corporation. And the reason that she has failed to state the derivative claim is more substantive than that. It's that the harm for which she's seeking damages is direct, not derivative, as the trial court correctly concluded. Second, the issue of general, the threshold notice that's due under the Michigan Business Corporation Act regarding a shareholder's proposal. I don't think there's any question that the basic notice, leaving aside for a second the question of whether the bylaws require something additional, but just the basic notice of the time and the place of the annual meeting was clearly met. Delaware, under a different statutory requirements, may require more, but Michigan does not. So the essential question for Your Honor to answer in this case is whether or not the appellee's Southern Michigan Bank Corp's bylaws required more, whether it required them to send out the plaintiff's proposal as part of their proxy solicitation. And I would argue it did not. First, just an aside, the proposal itself is more of a resolution than an amendment. It simply urges the board of directors to take certain steps. In other words, even if the proposal had been sent out as part of the proxy solicitation, even when that proposal was made at the annual meeting, the required second in order to have it properly up for a vote was made, and even if it had passed unanimously. The board of directors, in fact, wasn't required to do anything. It was simply just urged to take certain steps. Second, under the bylaws, it refers to the federal mechanism for the SEC. And putting aside for a second the fact that Southern Michigan Bank Corp at the time and currently was not a Section 12 reporting company and therefore had no way to access that federal SEC mechanism, the bylaws state the proposal itself in order to be sent out as part of the proxy solicitation would have had to have complied with the SEC rules and regulations. And in this case, it did not. Because the corporation lacked the authority or the power to implement it. So when you actually go back and you look at the SEC regulations, we made this argument below to the district court, and the citations are in our reply brief, but just for ease of this conversation, 17 CFR 240.14a8, subsection i, subsection 2 and 6. If you want to send out a proposal, require the proposal to be sent out as part of the proxy solicitation. It can't violate any law, and the corporation has to have the authority. It can't lack the authority or power to implement it. In this case, the proposal that the plaintiff wanted us to send out, hoped to pass as part of the bylaws, would have greatly expanded the liability of officers and directors. And that conflicted with an existing article of incorporation. Southern Michigan Bank Corp. incorporated MCL 450.1209, which is a statute that exists that corporations may or may not incorporate. But it limited, I think it's 1987 that it was passed, and it was enacted as part of the Articles of Incorporation in 1987 by Southern Michigan Bank Corp. That limits the liability of officers and directors, the personal liability, to only certain circumstances. For instance, where it's a breach of the duty of loyalty. So that exists currently, and it certainly existed in the time of this proposal in Southern Michigan's Articles of Incorporation. This proposal, if it had been passed, would have conflicted with that provision of our Articles of Incorporation, because it would have required that any director for any breach of fiduciary duty in nearly any circumstance be personally liable. Those two things would have conflicted. Therefore, the Articles of Incorporation would have had to have been amended in order to now make sure that they did not conflict with the new bylaw. And that's something that's not in the power of the Board of Directors to do. That's something that shareholders would have had to vote on. So this Michigan Statute 450-1404 says, shall give shareholders, quote, written notice of the time, place, if any, and purposes of any upcoming meeting. So the word purposes, doesn't that seem to require a little more than what you all did? I would say, Your Honor, it does require, no. I would answer that it did not require more than what we did. We notified the shareholders of the time, place, and purpose of the meeting. Meaning that we're holding an annual meeting, and in fact... So when it's an annual meeting, that language to you just means annual meeting. That's all you have to say. The purpose being annual meeting, as opposed to anything that might come up there. And if it's a special meeting, then purposes has broader... Is that the dichotomy you would draw? I don't know that I would draw that dichotomy, Your Honor. I would say that the statute itself indicates that you just have to state what the purpose of the meeting would be. So sure, if there is going to be a special meeting, maybe the notice says special meeting. But in that setting, do you then have to say more than the word special? You have to say what it is you're doing, and what's going on, or what might be voted on, or what shareholders might ask? No, Your Honor, because it's not required by the statute. And we do know that the Michigan legislature could specify in a statute that more information is required. For instance, if you look at the statute regarding interested directors, transactions involving interested directors, that's MCL 450.1545A. That requires that all material information about the transaction be given to the board of directors or the shareholders, whoever it is that's voting on that particular transaction. And that still logically makes sense from a public policy perspective, that we would want, in that particular case, more information to be made available to the shareholders. But the legislature... But here, just some information. You have an example where it is a lot more, and there's a good reason, as you point out. It's just hard to believe you don't have to do more than, oh, there's an annual meeting. I would say, Your Honor, in this particular case, we did indicate that there was a shareholder who would be making a proposal. So it did put the shareholders on notice that there would be something, a proposal, that they could look for if she had chosen to do her own proxy solicitation. There's certainly no record evidence suggesting my clients did anything to prevent her from doing that. And I understand that Delaware requires more in its statutes. Michigan doesn't. And you're going to say that's because their statute's different? Yes. I would say... What's the language there? Remind me what the language is there that indicates more is required in this setting. In the Stroud v. Grace case, it indicates that when there's a certificate of amendment to the Articles of Incorporation that are going to be voted on, that that proposal, that actual certificate has to be... No, but I thought I understood there to be a statutory difference. That's in the statute, Your Honor. I'm just asking, tell me the operative language of the statute and how it contrasts to Michigan. If you don't know it, that's fine, but if you do, that would be great. I don't know enough to have my head, Your Honor. I can quickly look it up, but the... It's in that case, okay. It is in that case, Your Honor. And while I'm not going to specifically... How about a different way of looking at it? With a statute that's as minimalist as this, just words like purposes, is there authority out there on other states that says, yeah, these purposes clauses require nothing, basically, other than this very minimal stuff? What do other people say, or for that matter, treatise writers about this kind of thing? I don't have any specific case, for Your Honor, or authorities regarding what the definition of purpose is in this particular circumstance. What I can tell you is that no case cited by the appellants stands for the proposition that there's an extra statutory duty of notice. And because this court is sitting in diversity jurisdiction, I think the case law is clear that you have to be guarded when expanding Michigan case law. Michigan says that Michigan will often look to Delaware where there's no clear law in Michigan on this. Certainly, that's correct. However, they do have two different statutory requirements. So we think. So I believe based on my reading of the Stroud case. In fact, when you look at the Stroud v. Grace case, the court in that actually specifically states and cautions the trial court in that case and other courts against reading extra statutory duties or any sort of equitable principles when there's clear statutory language. I mean, the word purposes can cover a lot. I mean, I don't find it. I don't find their argument on this front making things up. It seems to me reasonable to take that language and require more than was done here. I don't know. That's how I look at it. You don't think that works with the language? I can see how Your Honor could read that into the statute, certainly. I don't think that it's a fair reading of the statute to say that we were required, therefore, to send out the proposal as part of our proxy solicitation. How is just saying it's an annual meeting describing the purposes? Well, it's the annual meeting and that a shareholder is going to be making a proposal. That certainly puts the stockholders, shareholders, on notice that there is going to be a proposal made. So you could do purposes by saying time, date, annual meeting, and there will be votes. I don't know if that's required by the statute, but that's what happened in this case. I know. It seems ridiculous. There will be votes? I mean, that's not shocking. I mean, that's just another way of saying there's an annual meeting. And yet the legislature didn't specifically require more. Purposes, purposes. The purpose of the annual meeting is to vote and discuss certain issues. I think for anyone that's a shareholder, that's relatively clear. So let's just say for the sake of argument they're right about this purposes thing. What's the hardship to your client or clients situated like yours? I would say that. Because it would still be not that much. You'd just have to describe who's doing, you know, this shareholder has this proposal about clawbacks for directors, boom, period. That doesn't seem super hard. I have two responses to that, Your Honor. The first is that there's no arbiter in this circumstance about what proposals need to be shared. It's certainly, you can imagine the circumstance in which you have a shareholder who has a proposal which may not only not qualify under the SEC rules and regulations, but also may be offensive. I can imagine the circumstance in which that happens. I certainly don't think the Michigan legislature intended for that to have to be shared. Also, there's a problem with the line. Do we have to just send the proposal? Do we get to describe the proposal itself? And who gets to decide whether that description accurately describes the proposal? Do we have to send whatever materials that the plaintiff, in this case, gives to us with our proxy solicitation? Or do we just need to send a copy of the proposal itself? In this particular instance, there's no arbiter of that. Because we don't have access to the federal mechanism. And, in fact, if we did have access to the federal mechanism, it's our position that we wouldn't be required to send out this proposal as part of the proxy solicitation because it doesn't meet the SEC rules and regulations. So there's no mechanism under Michigan law for working out those important details. And certainly, shareholders could have decided to show up in person. They could have decided to come. They could have decided to listen to the proposal. This isn't the reality of modern corporate law. Nobody shows up at these meetings. I mean, proxies, they're all ñ and the corporation says, hey, there's going to be a shareholder proposal, and we're going to vote all the undesignated proxies against it. Right? I agree with you, Your Honor, completely. I think that most people vote by proxy.  43 of whom were not officers and directors. Having said that, I think what that boils down to is a public policy argument. And certainly, and I'll close with this, public policy is dictated by the Michigan legislature. And in this case, the Michigan legislature has decided that the notice is the time, place, and purpose. And my client's argument to this court is that they clearly met that burden. The time of the meeting, the place of the meeting, the fact that it was for an annual meeting to discuss the business of the corporation, and even a step further, that a shareholder would be making a proposal. And therefore, I'm asking this court to affirm the district court's decision and judgment dismissing the complaint. Thank you, Your Honors.  Do you reserve any time for rebuttal, counsel? I finished early, so if the court has additional questions for me, I'm happy to answer them, but I don't know. Okay. I think we're fine. Thank you. The case is submitted, and you may call the next case.